UNITED STATES,

v.

Louis GAMBONE.

No. 90–1826.

United States Court of Appeals,
Third Circuit.

Argued March 6, 1991.

Decided July 22, 1991.

As Amended July 23, 1991.

Michael M. Baylson, U.S. Atty., Walter S. Batty, Ewald Zittlau (argued), Asst. U.S. Attys., Office of the U.S. Atty., Philadelphia, Pa., for appellee.

Robert Scandone (argued), Philadelphia, Pa., for appellant.

Before BECKER, NYGAARD and HIGGINBOTHAM, Circuit Judges.

OPINION

PER CURIAM.

Louis Gambone was indicted for possession with intent to distribute cocaine, aiding and abetting, and conspiracy. He pled guilty on January 30, 1990 to conspiracy and aiding and abetting. Gambone was sentenced to eight years confinement, fol-

lowed by five years probation, and was fined $50,000.

At the sentencing hearing, pursuant to Federal Rule of Criminal Procedure 32(c), the district court judge ordered a copy of the sentencing transcript setting forth certain agreed upon corrections to the presentence report be appended thereto.[1] The sentencing judge also relied upon Gambone's version of the offense which was affixed to the presentence report. At oral argument before this court, the government conceded that neither the sentencing transcript nor Gambone's version of the offense was included in the materials sent to the Bureau of Prisons and the Parole Commission.

Accordingly, we will remand this matter to the district court for that court to order the transcript of the sentencing proceedings and the defendant's version of the offense be appended to the presentence report and forwarded to the Bureau of Prisons and the Parole Commission. In all other respects, the judgment of the District Court entered on April 23, 1990, will be affirmed.[2]

---

1. Rule 32(c)(3)(D) states:

   If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. *A written record of such findings and determination shall be appended to* and

   accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

   (emphasis added). We have held that the requirements of the Rule are mandatory. *See United States v. Blanco,* 884 F.2d 1577, 1580 (3rd Cir.1989).

2. We reject as meritless appellant's contentions that the district court erred in failing to delete information from the presentence report and that the court erred by relying on all of the information in the presentence report.